**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUBURT SANDERS, | : | |
| a/k/a Hubert Sander, | : | |
| | : | Civil Action No. 12-7929 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN R. HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Huburt Sanders, #50293-018
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640
     Petitioner pro se

Paul J. Fishman
United States Attorney
     By:  Irene E. Dowdy
          Assistant U.S. Attorney
401 Market Street
Camden, NJ  08101
     Counsel for Respondent

**SIMANDLE**, Chief Judge

     Petitioner Huburt Sanders,[1] a prisoner currently confined at

the Federal Correctional Institution at Fort Dix, New Jersey, has

---

     [1] In the docket of the criminal case at issue in this
matter, Petitioner is identified as "Hubert Sander."  See United
States v. Sander, Criminal No. 08-0288 (M.D. Fla.)  Accordingly,
the Clerk of the Court will be directed to amend the Docket in
this matter to reflect that Petitioner is also known as "Hubert
Sander."

submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]  The sole respondent is Warden Jordan R. Hollingsworth.

Because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Pursuant to a guilty plea, Petitioner was convicted in the U.S. District Court for the Middle District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a), 70506(a) and (b), provisions of the Maritime Drug Law Enforcement Act ("MDLEA"). United States v. Sander, Criminal No. 08-0288 (M.D. Fla.).  On November 13, 2008, Petitioner was sentenced to an aggregate term of imprisonment of 135 months, to be followed by a 60-month term

---

[2] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

of supervised release.  Petitioner's projected release date is April 13, 2018.  (Answer at 5.)

Petitioner did not pursue a direct appeal.  On or about October 25, 2012, Petitioner filed in the court of conviction a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, asserting as grounds for relief ineffective assistance of counsel with respect to the immigration consequences of pleading guilty.  See Sander v. United States, Civil No. 12-2413 (M.D. Fla.).  On October 31, 2012, the trial court denied the motion as untimely; Petitioner did not appeal the denial of relief.  Id.

Here, Petitioner has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241 asserting two grounds for relief: (1) that, based on new caselaw out of the U.S. Circuit Court of Appeals for the Eleventh Circuit, the United States had no jurisdiction to arrest him, and (2) that he is illegally incarcerated and that the trial court had no jurisdiction to impose sentence.  Respondent has answered; Petitioner has replied.  Accordingly, this matter is now ready for decision.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction and are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case. Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir.),

cert. denied, 510 U.S. 946 (1993).  See also Bender v.
Williamsport Area School District, 475 U.S. 534, 541 (1986).
Here, for the reasons set forth below, this Court finds that it
lacks jurisdiction to entertain this § 2241 Petition.

As noted by the Court of Appeals for the Third Circuit in In
re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has
been the "usual avenue" for federal prisoners seeking to
challenge the legality of their confinement.  See also Okereke v.
United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v.
McKeithan, 437 Fed.Appx. 148, 150 (3d Cir. 2011); United States
v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to
a sentence as imposed should be brought under § 2255, while
challenges to the manner in which a sentence is executed should
be brought under § 2241).  Motions under § 2255 must be brought
before the court which imposed the sentence.  See 28 U.S.C.
§ 2255.  A one-year limitations period applies to § 2255 motions.
See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting
resort to § 2241, a statute without timeliness or successive
petition limitations, and which permits filing in the court of
confinement, where "it appears that the remedy by motion is
inadequate or ineffective to test the legality of [the
prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil,

4

the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."

Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy,

not the personal inability to use it, that is determinative."

Id.  "Section 2255 is not 'inadequate or ineffective' merely

because the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable

to meet the stringent gatekeeping requirements of the amended

§ 2255.  The provision exists to ensure that petitioners have a

fair opportunity to seek collateral relief, not to enable them to

evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would

have jurisdiction over this Petition if, and only if, Petitioner

demonstrates: (1) his "actual innocence," (2) as a result of a

retroactive change in substantive law that negates the

criminality of his conduct, (3) for which he had no other

opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at

251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307

F.3d 117, 120 (3d Cir. 2002); Trenkler v. Pugh, 83 Fed.Appx. 468,

470 (3d Cir. 2003).

Here, Petitioner argues that, under the recent Eleventh

Circuit case United States v. Bellaizac-Hurtado, 700 F.3d 1245

(11th Cir. 2012), the conduct for which he was convicted is no

longer considered to be a crime and he cannot now raise this

issue in a § 2255 motion.  In Bellaizac-Hurtado, a case decided

on direct appeal of a criminal conviction, the Eleventh Circuit

addressed "the scope of congressional power to proscribe conduct abroad," or, more specifically, "whether the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a), 70506, exceeds the power of Congress to 'define and punish ... Offences against the Law of Nations,' U.S. Const. Art. I, § 8, cl. 10, as applied to the drug trafficking activities [of the defendants]."  700 F.3d at 1247. There, during a routine patrol of sovereign Panamanian waters, the United States Coast Guard observed a wooden fishing vessel operating without lights and without a flag.  The U.S. Coast Guard informed Panamanian authorities, who pursued the vessel until its occupants abandoned it and fled on land.  Panamanian authorities searched the vessel, determined that it contained 760 kilograms of cocaine, and later apprehended the former occupants of the vessel on Panamanian land.  After an exchange of diplomatic notes, the government of Panama consented to the prosecution of the four suspects in the United States.

The Eleventh Circuit held that the Maritime Drug Law Enforcement Act, as applied to the defendants there, was not a constitutional exercise of Congress's power "[t]o define and punish ... Offenses against the Law of Nations" under Article I, Section 8, clause 10 of the U.S. Constitution.  That is, the Eleventh Circuit found that drug trafficking is not a crime under customary international law and, thus, is not subject to prosecution in the U.S. under the Offenses Clause for conduct

that occurs in the territorial waters of another nation.  The
Eleventh Circuit explicitly distinguished and reaffirmed,
however, its numerous precedents upholding the authority of
Congress to prosecute drug trafficking activities conducted in
international waters, under the Piracies and Felonies Clause,
which empowers Congress "[t]o define and punish Piracies and
Felonies committed on the high Seas," see Article I, Section 8,
clause 10 of U.S. Constitution.  See Bellaizac-Hurtado, 700 F.3d
at 1257 (collecting cases).

Petitioner's argument requires this Court to consider, in
the first instance, whether the conduct for which Petitioner was
convicted occurred in the territorial waters of another nation or
in international waters, as this single fact determines the
applicability of Bellaizac-Hurtado to Petitioner's conviction.

In his counseled plea agreement, Petitioner acknowledged
that his vessel was spotted by the United States Coast Guard "in
international waters of the Caribbean Sea.  The vessel was
located at 15.38 degrees North latitude, by 078.49 degrees West
longitude."  (Answer, Decl. of Dowdy, Ex. 1, Plea Agreement at
14, § B, ¶ 9, "Facts.")  Petitioner in his Reply does not dispute
Respondent's characterization of this location as being "near the
middle of the Caribbean Sea, south of Jamaica and north of
Colombia, and far distant from the coastline of any nation."
(Answer at 5, citing the results of an inquiry at Google Maps.)

In addition, at his plea hearing on August 28, 2008, the elements of the crime charged and the factual basis for the guilty plea were read into the record, including the fact that Petitioner's vessel was intercepted "in international waters in the Caribbean."  Petitioner stated that he had no disagreement with the factual recitation.  (Answer, Decl. of Dowdy, Ex. 4, Transcript at 19-21.)  Finally, in the Memorandum of Law accompanying his Petition, Petitioner places the location of the vessel at the time of its seizure at 23 miles from the coast of Honduras.  (Mem. of Law [1] at 3.)

The United States recognizes a territorial sea of 12 nautical miles.  See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); Presidential Proclamation No. 5928, 1988 WL 1099307 (Dec. 27, 1988).  The United Nations Convention on the Law of the Sea also recognizes a territorial sea of 12 nautical miles.  See United Nations Convention on the Law of the Sea, Sec. 2, Art. 3 ("Every State has the right to establish the breadth of its territorial sea up to a limit not exceeding 12 nautical miles, measured from baselines determined in accordance with this Convention.") (entered into force on November 16, 1994) (ratified by Honduras on October 5, 1993),

http://www.un.org/Depts/los/convention_agreements/convention_over

view_convention.htm.  As Petitioner's conduct occurred, by his

own admission, in international waters beyond the territorial sea

of Honduras, the conduct is not rendered non-criminal by the

Eleventh Circuit's <u>Bellaizac-Hurtado</u> decision.  Accordingly,

Petitioner has failed to bring his claims within the <u>Dorsainvil</u>

exception and this Court lacks jurisdiction over the § 2241

Petition.

In addition, it would not be appropriate to construe the

Petition as an application to file a second or successive § 2255

motion and transfer it to the Court of Appeals for the Eleventh

Circuit.[3]  The trial court has already rejected Petitioner's

first § 2255 motion as untimely, and a federal prisoner can

proceed with a second or successive § 2255 motion only if a panel

of the appropriate Court of Appeals certifies it to contain:

> (1) newly discovered evidence that, if proven and
> viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing
> evidence, that no reasonable factfinder would have
> found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court,
> that was previously unavailable.

---

[3] Whenever a civil action is filed in a court that lacks
jurisdiction, "the court shall, if it is in the interest of
justice, transfer such action ... to any other such court in
which the action ... could have been brought at the time it was
filed."  28 U.S.C. § 1631.

28 U.S.C. § 2255(h). Petitioner has not alleged facts bringing this Petition within the conditions that would permit authorization to proceed with a second or successive § 2255 motion.

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. See Castillo v. Hollingsworth, Civil No. 12-7831, 2013 WL 1288196 (D.N.J. March 26, 2013) (collecting cases).

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction. An appropriate order follows.

 **s/ Jerome B. Simandle**
Jerome B. Simandle
Chief Judge
United States District Court

Dated: **April 12, 2013**